Benjamin A. West, Esq., SBN: 338727
bwest@fbtlaw.com
**FROST BROWN TODD, LLP**
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 545-3472
Facsimile: (214) 545-3473

*Attorneys for Plaintiff*
*SUSA Financial, Inc. dba FirstFunding, Inc.*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SUSA FINANCIAL, INC. dba FIRSTFUNDING, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPROUT MORTGAGE, LLC, <br><br> Defendant. | Case No. 8:22-cv-01864-JVS-DFM <br><br> **RULE 26(f) REPORT BY PLAINTIFF SUSA FINANCIAL, INC. DBA FIRSTFUNDING, INC.** |

TO THE HONORABLE COURT:

Defendant Sprout Mortgage, LLC ("Sprout") has failed to file an answer or otherwise properly defend or appear before the Court, so Plaintiff SUSA Financial, Inc. dba FirstFunding, Inc. ("FirstFunding") files this Rule 26(f) Report unilaterally.

**A.    Synopsis**

FirstFunding, in its capacity as lender under the Warehouse Funding Agreement, dated as of October 5, 2020 (as amended, restated or otherwise modified, the "Funding Agreement"), by and between FirstFunding and Sprout, brings this action to recover all payments made with respect to the mortgage loans and related collateral (including, without limitation, all related files, servicing files and servicing rights) that collateralize Sprout's obligations under the Funding Agreement (such mortgage loans, the "Pledged Mortgage Loans") held at any and all accounts which were opened or maintained at Banc of California, or any branch or office thereof in California, by, or for the benefit of, Sprout (such payments, the "Monies Due").

On seven different occasions, each at Sprout's request, the parties modified the Funding Agreement. Pursuant to the last modification (dated April 5, 2022), the "Maximum Funding Commitment Amount" was increased to two hundred and thirty million dollars ($230,000,000) from April 5, 2022 to April 30, 2022 and then returned to one hundred and seventy-five million dollars ($175,000,000) on May 1, 2022. FirstFunding advanced money to Sprout pursuant to the terms of the Funding Agreement. The advances by FirstFunding are secured by the Pledged Mortgage Loans.

On July 6, 2022, Michael Strauss, Sprout's President and CEO, informed FirstFunding that Sprout was going to "go under" and "cease operations." This admission that Sprout was unable to pay its debts as they become due and the existence of a material adverse change in the financial prospects of Sprout each

constitute an "Event of Default" under the Funding Agreement. As of the date of this admission, the outstanding amount of principal due and owing to FirstFunding under the Funding Agreement was not less than $220,281,891.35 (the "Principal Indebtedness"). Sprout is liable to FirstFunding, without offset or defense, for the indefeasible payment in full of the Principal Indebtedness plus all costs, fees, expenses, interest and other charges, including but not limited to, attorneys' fees, under the Funding Agreement.

**B.    Legal Issues**

The Court must determine whether Sprout breached the Funding Agreement by failing to wire transfer or otherwise deliver, pay, remit and/or return the Monies Due—i.e., all payments made with respect to the Pledged Mortgage Loans held at any and all accounts which were opened or maintained at Banc of California, or any branch or office thereof in California, by, or for the benefit of, Sprout.

**C.    Damages**

FirstFunding is informed and believes that the amount of the Monies Due held by Banc of California is approximately $262,500. The exact amount is readily ascertainable from records maintained by Sprout and/or Banc of California.

**D.    Insurance**

FirstFunding is not aware of any insurance agreement under which any person carrying on an insurance business may be liable to Sprout to satisfy any part of, or indemnify or reimburse Sprout for payments made to satisfy, a judgment that may be entered in this action.

**E.    Motions**

During the next sixty to ninety days, through third party discovery served on the bank and others (if necessary), FirstFunding will determine the amount of Monies Due held by Banc of California. Subsequently, FirstFunding will

(1) establish Sprout's default by affidavit or otherwise and, following the clerk's entry of default against Sprout, (2) apply to the Court for a default judgment.

**F.     Discovery and Experts**

To determine the amount of Monies Due held by Banc of California, on December 5, 2022, FirstFunding issued a subpoena for documents from the bank. (Docket No. 12 at 1; Docket No. 12-1 (Ex. A) at 2-5.) The document subpoena attached as Exhibit A to FirstFunding's Notice of Service of Subpoena was served on Banc of California on December 5, 2022. (Docket No. 12-1 (Ex. A) at 6.) A copy of the document subpoena was also served on Sprout before it was served on Banc of California. (*Compare* Docket No. 12-2 (Ex. B) at 2 *with* Docket No. 12-1 (Ex. A) at 6.) Sprout did not object to the document requests, move to quash the subpoena, or seek protection from the Court.

On December 16, 2022, in further efforts to determine the amount of Monies Due held by Banc of California, FirstFunding issued a subpoena for the testimony of the bank's corporate representative. (Docket No. 13 at 1; Docket No. 13-1 (Ex. A) at 2-6.) The deposition subpoena attached as Exhibit A to FirstFunding's Notice of Service of Subpoena to Testify at a Deposition was served on Banc of California on December 16, 2022. (Docket No. 13-1 (Ex. A) at 2.) A copy of the deposition subpoena was also served on Sprout on December 19, 2022. (Docket No. 13-2 (Ex. B) at 2.) Sprout did not object to the deposition topics, move to quash the subpoena, or seek protection from the Court.

On December 19, 2022, Banc of California served its objections and responses to FirstFunding's document subpoena and produced no documents. Consequently, FirstFunding will soon be issuing additional third party subpoenas for documents and testimony to determine the amount of Monies Due held by Banc of California.

Under FED. R. CIV. P. 26(a)(1)(C), each party must serve initial disclosures no more than fourteen days after the Rule 26(f) conference and include the information

called for by Fed.R.Civ.P. 26(a)(1)(A), except as exempted by Fed.R.Civ.P. 26(a)(1)(B) or otherwise stipulated or ordered by the Court. If Sprout appears before the Court, FirstFunding submits that the initial disclosures should be made fourteen days after Sprout's appearance. FirstFunding does not otherwise propose any changes to the limits on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

### G.  Dispositive Motions

If the Court does not enter a default judgment against Sprout, FirstFunding believes that all of its claims for relief may be resolved on motion for summary judgment. Indeed, Sprout acknowledges and agrees that it "is in default under the terms and conditions of the [Funding Agreement]" and has "no defenses, affirmative or otherwise, rights of setoff, rights of recoupment, claims, counterclaims, actions or causes of action of any kind or nature whatsoever against [FirstFunding] . . . arising out of, based upon, or in any manner connected with" the Funding Agreement. (Docket No. 1-3 at 3 (¶ 14), 4 (¶ 21).)

### H.  Settlement and Settlement Mechanism

On August 5, 2022, Sprout, Strauss, and FirstFunding executed an agreement with an effective date of July 6, 2022 whereby Sprout and Strauss agreed to, among other things, "cooperate with FirstFunding in . . . exercising its rights and remedies under the [Funding Agreement] and applicable law" (the "Cooperation Agreement"). (Docket No. 1-3 at 5 (¶ 24).) The Cooperation Agreement expressly provides that, among other things, FirstFunding "is permitted to immediately exercise all of its rights and under the [Funding Agreement] and applicable law." (*Id.* (¶ 23).) Sprout "further acknowledge[d] and agree[d] that any and all such actions taken from time to time by [FirstFunding] are hereby approved and ratified by Sprout, including but not limited to: . . . (y) [FirstFunding] receiving Mortgage Loan proceeds directly from Sprout or any borrower under the Mortgage Loans or

any purchaser of the Mortgage Loans; (z) [FirstFunding] taking any action or doing anything necessary, as determined by [FirstFunding] in its sole and unfettered discretion, to cause the Mortgage Loan proceeds to be delivered directly to [FirstFunding.]" (*Id.*)

In or around September of 2022, Sprout and Strauss stopped working cooperatively with FirstFunding to effectuate the prompt disposition of the Pledged Mortgage Loans and reduction of advances under the Funding Agreement to maximize value.

FirstFunding and Sprout have not discussed settlement in this action. Towards that end, FirstFunding agrees to appear before a neutral selected from the Court's Mediation Panel.

**I.   Trial Estimate**

If the Court does not enter a default judgment against Sprout, FirstFunding requests a court trial. FirstFunding will require two days to present its case. FirstFunding anticipates calling four witnesses.

**J.   Timetable**

FirstFunding's Presumptive Schedule of Pretrial Dates is attached hereto as Exhibit A.

**K.   Other Issues**

No other issues exist at this time.

**L.   Conflicts**

On October 12, 2022, FirstFunding filed its Certification and Notice of Interested Parties and Corporate Disclosure Statement pursuant to Local Rule 7.1-1 and Federal Rule of Civil Procedure 7.1. (Docket No. 3.) FirstFunding is a wholly-owned subsidiary of First American Financial Corporation. First American Financial Corporation is a publicly traded company. First American Financial

Corporation has no publicly traded parent corporation and no publicly-held company owns ten percent (10%) or more of its stock.

**M.     Patent Cases**

This is not a patent case.

**N.     Magistrates**

FirstFunding does not consent to proceed before a United States Magistrate Judge.

Dated: January 3, 2023                    FROST BROWN TODD LLP

By: */s/ Benjamin A. West*
    Benjamin A. West

Attorneys for Plaintiff
SUSA Financial, Inc. dba FirstFunding, Inc.

# EXHIBIT A

**JUDGE JAMES V. SELNA**
**PRESUMPTIVE SCHEDULE OF PRETRIAL DATES**

| Matter | Time | Weeks before trial | Plaintiff's Request (Insert specific date) | Defendant's Request (Insert specific date) | Court Order |
|---|---|---|---|---|---|
| Trial Date (jury) (court) Estimated Length: Two Days | 8:30 a.m. (Tuesdays) | | 3/5/2024 | | |
| [Court Trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | -1 | 2/27/2024 | | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 11:00 a.m. (Mondays) | -2 | 2/19/2024 | | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | -3 | 2/13/2024 | | |
| Last Day for Hand-Serving Motions in Limine | | -6 | 1/23/2024 | | |
| Last Day for Hearing Motions | 1:30 p.m. (Mondays) | -7 | 1/8/2024 | | |
| Last day for hand-serving motions and filing (other than Motions in Limine). | | -11 | 12/19/2023 | | |
| Non-expert Discovery Cut-off | | -15 | 11/21/2023 | | |

ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

L.R. 16–14 Settlement Choice:   (1) CT/USMJ    (2) Court Mediation Panel    (3) Private ADR

(FirstFunding's Request)

| Matter | Time | Weeks before trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| Expert discovery cut-off | | | 1/8/2024 | | |
| Rebuttal Expert Witness Disclosure | | | 12/19/2023 | | |
| Opening Expert Witness Disclosure [See Fed. R. Civ. P. 26(a)(2)] | | | 11/21/2023 | | |
| Last day to conduct Settlement Conference | | | | | |
| Last day to amend pleadings or add parties | | | | | |

Revised 4–14–16

0149150.0753387   4884-0384-9786v3