Benjamin A. West, Esq., SBN: 338727
bwest@fbtlaw.com
**FROST BROWN TODD, LLP**
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 545-3472
Facsimile: (214) 545-3473

*Attorneys for Plaintiff*
*SUSA Financial, Inc. dba FirstFunding, Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| SUSA FINANCIAL, INC. dba FIRSTFUNDING, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPROUT MORTGAGE, LLC, <br><br> Defendant. | Case No. 8:22-cv-01864-JVS-DFM <br><br> **NOTICE OF PLAINTIFF SUSA FINANCIAL, INC. DBA FIRSTFUNDING, INC.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SPROUT MORTGAGE, LLC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> **Judge:** Hon. James V. Selna <br> **Courtroom:** 10C <br> **Hearing:** March 27, 2023 <br> **Time:** 1:30 p.m. |

TO ALL PARTIES:

PLEASE TAKE NOTICE that on March 27, 2023 at 1:30 p.m. in Courtroom 10C of the Ronald Reagan Federal Building and U.S. Courthouse, 411 West 4th Street, Santa Ana, California 92701, Plaintiff SUSA Financial, Inc. dba FirstFunding, Inc. ("FirstFunding") will move the Court for an entry of judgment by

default against Defendant Sprout Mortgage, LLC in the amount of $262,500 and attorneys' fees as permitted by law and local rule, and for injunctive relief to enjoin Sprout from transferring, withdrawing, using, disposing of, or misappropriating monies due to FirstFunding. FirstFunding makes this motion for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and L.R. 55-1. The motion will be based on this Notice, the supporting memorandum of points and authorities, all records and pleadings on file in this action, and any further argument or documentary evidence presented at the time of the hearing on this matter. A proposed Order of Default Judgment is also being submitted pursuant to L.R. 5-4.4.

DATED: February 22, 2023        FROST BROWN TODD, LLP

By: */s/ Benjamin A. West*
Benjamin A. West
*Attorneys for Plaintiff*
*SUSA Financial, Inc. dba*
*FirstFunding, Inc.*

**DECLARATION OF BENJAMIN A. WEST PURSUANT TO 28 U.S.C. § 1746**

I, Benjamin A. West, declare as follows:

1. I am an attorney for Plaintiff SUSA Financial Inc. d/b/a FirstFunding, Inc. ("FirstFunding"), I am over the age of 18, of sound mind, and I am capable of making this declaration. I am an attorney with Frost Brown Todd, LLP and am licensed to practice law in both California and Texas. I am familiar with the facts in this matter as set forth in this declaration.

2. FirstFunding filed its Complaint on October 12, 2022 (Dkt. No. 1), and Summons was issued by the Clerk of the Court two days later. (Dkt. No. 8.)

3. Defendant Sprout Mortgage, LLC ("Sprout") was served with the Complaint, Summons, and the Court's Initial Order on October 27, 2022. An executed proof of service was filed November 9, 2022. (Dkt. No. 11.)

4. In accordance with the Court's orders, FirstFunding began discovery, and I issued a document subpoena to non-party Banc of California on December 5, 2022. On that same day, a copy of the document subpoena was served on Sprout's registered agent by hand delivery. (Dkt. No. 12-2 (Ex. B) at 2.) Sprout did not object to the document subpoena, object to the document requests, move to quash the subpoena, or seek any form of protection from the Court.

5. On December 16, 2022, I issued a subpoena for deposition testimony of non-party Banc of California's corporate representative. On December 19, 2022, a copy of the deposition subpoena was served on Sprout's registered agent by hand delivery. (Dkt. No. 13-2 (Ex. B) at 2.) Sprout did not object to the deposition subpoena, object to the deposition topics, move to quash the deposition subpoena, or seek any form of protection from the Court.

6. To date, Sprout has neither filed an answer or responsive pleading, nor has it made an appearance of any kind in this matter.

7. On January 3, 2023, the Court entered an Order to Show Cause RE Dismissal for Lack of Prosecution, directing FirstFunding to show cause in writing no later than January 31st why the action should not be dismissed for lack of prosecution, or to request entry of default. (Dkt. No. 15.) FirstFunding complied, filing both an Application for Clerk's Entry of Default (Dkt. No. 17) and a written Response to the Court's January 3, 2023 Order. (Dkt. No. 18.)

8. The Clerk entered default against Sprout as to FirstFunding's Complaint for Breach of Contract and Injunction (Dkt. No. 1) on February 1, 2023 (Dkt. No. 19), and the Court entered an Order discharging the January 3rd show-cause order on February 2, 2023. (Dkt. No. 20.)

9. Sprout, a business entity, is not a minor or incompetent person.

10. Sprout, a business entity, is not currently in military service and, therefore, the Servicemembers Civil Relief Act, 50 U.S.C. App. § 521, does not apply in this matter.

11. Because Sprout has not appeared personally or by a representative, notice of the motion for entry of default judgment under Fed. R. Civ. P. 55(b)(2) is not required.

12. FirstFunding seeks its attorneys' fees which, as permitted by Local Rule 55-3, are to be awarded in the amount of $5,600 plus 2% of the judgment amount sought in excess of $100,000. Since FirstFunding seeks a judgment of $262,500, the attorneys' fees to be awarded to FirstFunding under the local rule are $8,850 ($5,600 + (2% of $162,500)).

I declare on behalf of Plaintiff SUSA Financial, Inc. d/b/a FirstFunding, Inc. under penalty of perjury that the foregoing Declaration of Benjamin A. West is true and correct.

Executed on February 22, 2023

Benjamin A. West

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to L.R. 7-5, Plaintiff SUSA Financial Inc. dba FirstFunding, Inc. submits this Memorandum of Points and Authorities in support of its Motion for Entry of Default Judgment.

DATED: February 22, 2023              FROST BROWN TODD, LLP

By: */s/ Benjamin A. West*
Benjamin A. West
*Attorneys for Plaintiff*
*SUSA Financial, Inc. dba*
*FirstFunding, Inc.*

# TABLE OF CONTENTS

Table of Contents ............................................................................................................. ii
Table of Authorities ........................................................................................................ iii
I.     Introduction ............................................................................................................1
II.    Statement of Facts ..................................................................................................1
III.   Procedural History .................................................................................................3
IV.   Applicable Law ......................................................................................................5
V.    Argument ................................................................................................................6
     A.    FirstFunding has met all the procedural requirements for the entry of default judgment. ........................................................................6
     B.    The *Eitel* factors weigh in FirstFunding's favor. .................................6
     C.    FirstFunding seeks specific relief ........................................................10
VI.   Conclusion ...........................................................................................................11
Certificate of Service ......................................................................................................12

# TABLE OF AUTHORITIES

**Cases** Page(s)

*Danning v. Lavine*,
  572 F.2d 1386 (9th Cir. 1978) ..............................................................................7

*Eitel v. McCool*,
  782 F.2d 1470 (9th Cir. 1986) ..............................................................................6

*Geddes v. United Fin. Grp.*,
  559 F.2d 557 (9th Cir. 1977) ........................................................................5, 8, 9

*Landstar Ranger, Inc. v. Parth Enters., Inc.*,
  725 F. Supp. 2d 916 (C.D. Cal. 2010) ......................................................5, 6, 8, 9

*Meadows v. Dominican Republic*,
  817 F.2d 517 (9th Cir. 1987) ................................................................................9

*Metro Paws, LLC v. MetroPAWS KC*,
  Case No. CV 15-01297 AB, 2015 WL 13917974 (C.D. Cal.
  June 3, 2015) ........................................................................................................7

*PepsiCo, Inc. v. Cal. Security Cans*,
  238 F. Supp. 2d 1172 (C.D. Cal. 2002) ..............................................................10

*United States v. $1,707,197.13 from Fid. Inv. Bank Funds Acct.*,
  Case No. 8:21-cv-01310-JVS-ADS, 2021 WL 5760428
  (C.D. Cal. Dec. 2, 2021) .......................................................................................5

**Statutes**

28 U.S.C. § 1961(a) ...............................................................................................11

50 U.S.C. App. § 521 ...............................................................................................6

Cal. Civ. Code § 3287 ...........................................................................................11

Cal. Civ. Code § 3289(b) ......................................................................................11

**Other Authorities**

Fed. R. Civ. P. 8(a)(3) ...........................................................................................10

FED. R. CIV. P. 54(c) ..................................................................................................5, 6

FED. R. CIV. P. 55(a) ..................................................................................................5, 6

FED. R. CIV. P. 55(b) ............................................................................................5, 6, 10

C.D. Cal. Local Rule 55-1 .......................................................................................5, 6

C.D. Cal. Local Rule 55-3 ..........................................................................................11

## I. INTRODUCTION

Plaintiff SUSA Financial, Inc. d/b/a FirstFunding, Inc. ("FirstFunding") filed its Complaint against Defendant Sprout Mortgage, LLC ("Sprout") asserting a claim of breach of contract and seeking injunctive relief to prevent Sprout from misappropriating or converting funds that belong to FirstFunding. Sprout was served with the Complaint and Summons in October 2022, but has not filed an answer or responsive pleading, and has not made any appearance in this matter. The Clerk of the Court entered default as to Sprout on February 1, 2023 (Dkt. No. 19.), and FirstFunding now seeks entry of a default judgment against Sprout.

## II. STATEMENT OF FACTS

FirstFunding and Sprout entered a Warehouse Funding Agreement on October 5, 2020 (referred to herein—including any amendments, restatements, or modifications—as the "Funding Agreement"), a copy of which is attached to FirstFunding's Complaint as "Exhibit A." (Dkt. No. 1, Plaintiff's Complaint for Breach of Contract and Injunction ("Complaint") ¶ 12; Exhibit A to this Motion and Memorandum, Declaration of Jim Dunkerley ("Dunkerley Decl.") ¶ 2.) In a written, executed agreement between the parties, Sprout admits that the Funding Agreement is legal, binding, and enforceable against it. (Complaint Ex. C ¶ 19.) On seven different occasions, each at Sprout's request, the parties modified the Funding Agreement. (Complaint ¶ 14.) Under the terms of the Funding Agreement, FirstFunding advanced money to Sprout, with those advances being secured by specific mortgage loans ("Pledged Mortgage Loans"). (Complaint ¶¶ 15-16; Dunkerley Decl. ¶ 2.)

On July 6, 2022, Sprout's President and CEO informed FirstFunding that Sprout was going to "go under" and "cease operations." (Complaint ¶ 17; Dunkerley Decl. ¶ 3.) Such an admission—that Sprout was unable to pay its debts as they became due and that there was a material adverse change in the financial prospects

of Sprout—constituted an "Event of Default" as defined by the Funding Agreement. (Complaint ¶ 17; Dunkerley Decl. ¶ 3.) As of the date of this filing, the outstanding amount of principal due and owing to FirstFunding under the Funding Agreement was, at minimum, $220,281,891.35 ("Principal Indebtedness"). (Complaint ¶ 18; Dunkerley Decl. ¶ 4.) By the Funding Agreement's terms, Sprout is liable to FirstFunding, without offset or defense, for the indefeasible payment in full of the Principal Indebtedness plus all costs, fees, expenses, interest, and other charges, including, but not limited to, attorneys' fees. (Complaint ¶ 19 & Complaint Ex. C ¶ 21; Dunkerley Decl. ¶ 4.) Sprout is in default under the terms and conditions of the Funding Agreement, the defaults are continuing, and the defaults have not been cured—all of which Sprout admits. (Complaint ¶ 22 & Complaint Ex. C ¶ 14; Dunkerley Decl. ¶ 5.)

All necessary notices under the Funding Agreement or applicable law have been given by FirstFunding to Sprout, and any applicable cure periods under the Funding Agreement with respect thereto have expired. (Complaint ¶ 24; Dunkerley Decl. ¶ 6.) Despite demand, Sprout has failed and refused, and continues to refuse, to pay FirstFunding the amount of indebtedness due and owing under the Funding Agreement. (Complaint ¶ 23; Dunkerley Decl. ¶ 6.)

On August 5, 2022, Sprout and FirstFunding executed an agreement—effective July 6, 2022—whereby Sprout agreed to, among other things, "cooperate with FirstFunding in . . . exercising its rights and remedies under the [Funding Agreement] and applicable law" (the "Cooperation Agreement"), a copy of which was attached to the Complaint as "Exhibit C." (Complaint ¶ 25 & Complaint Ex. C; Dunkerley Decl. ¶ 7.) The Cooperation Agreement allows FirstFunding to "immediately exercise all of its rights and remedies under the [Funding Agreement] and applicable law." (Complaint ¶ 26 & Complaint Ex. C ¶ 23; Dunkerley Decl. ¶ 8.) The Cooperation Agreement also identified a list of mortgage loans for which

FirstFunding had acquired an interest pursuant to the Funding Agreement; these are the Pledged Mortgage Loans previously identified herein. (Complaint Ex. C ¶ 9; Ex. A, Dunkerley Decl. ¶ 9.)

Sprout has ceased working cooperatively as required under the Cooperation Agreement and is in default of that agreement. Those defaults are continuing and have not been cured. (Complaint ¶¶ 28-29; Dunkerley Decl. ¶ 10.)

Sprout is obligated under the Funding Agreement and Cooperation Agreement to deliver or otherwise remit all payments made with respect to the Pledged Mortgage Loans held at any and all accounts opened or maintained by Sprout. (Complaint Exs. A & C; Dunkerley Decl. ¶ 11.) Per FirstFunding's records and accounting related to the Pledged Mortgage Loans, as identified in "Exhibit A" to the Cooperation Agreement, there are funds totaling $262,500 which, upon information and belief, are being held for Sprout's benefit by Banc of California. (Complaint ¶¶ 35-36; Dunkerley Decl. ¶ 12.) With its Complaint, FirstFunding seeks recovery of those funds and injunctive relief to prevent Sprout from misappropriating or converting any funds pledged to FirstFunding. (Complaint ¶¶ 35-36, 41; Dunkerley Decl. ¶ 12.)

### III.   PROCEDURAL HISTORY

On October 12, 2022, FirstFunding filed its Complaint for Breach of Contract and Injunction in the United States District Court for the Central District of California against Sprout. (Dkt. No. 1.) The Complaint, along with the Summons and the Court's Initial Order, were served on Sprout October 27, 2022. The executed proof of service was filed with the Court on November 9, 2022. (Dkt. No. 11.) To date, Sprout has not filed an answer or responsive pleading, and it has not made an appearance in any manner.

In the Court's Order Setting Rule 26(f) Scheduling Conference (Dkt. No. 10), the Court advised the parties to begin actively conducting discovery before the

Scheduling Conference, which was set for January 9, 2023. In compliance with this Order, counsel for FirstFunding issued a subpoena for documents from non-party Banc of California on December 5, 2022. That same day, a copy of the subpoena for documents was hand delivered to Sprout's registered agent. (Dkt. No. 12-2 (Ex. B) at 2.) Sprout did not make an appearance to object to the document subpoena, object to the document requests, move to quash the subpoena, or seek any form of protection from the Court.

On December 16, 2022, FirstFunding's counsel issued a deposition subpoena to obtain the testimony of non-party Banc of California's corporate representative. On December 19, 2022, a copy of the deposition subpoena was hand delivered to Sprout's registered agent. (Dkt. No. 13-2 (Ex. B) at 2.) Sprout did not make an appearance to object to the deposition subpoena, object to the deposition topics, move to quash the subpoena, or seek any form of protection from the Court.

As of this filing, Sprout has neither filed an answer or responsive pleading, nor has it made an appearance of any kind in this matter, despite having been served with the Summons and Complaint, and being served with notice of two separate non-party subpoenas.

On January 3, 2023, the Court entered an Order to Show Cause RE Dismissal for Lack of Prosecution, directing FirstFunding to show cause in writing no later than January 31st why the action should not be dismissed for lack of prosecution, or to request entry of default. (Dkt. No. 15.) FirstFunding complied, filing both an Application for Clerk's Entry of Default (Dkt. No. 17) and a written Response to the Court's January 3, 2023 Order. (Dkt. No. 18.) The Clerk entered default as to Sprout on February 1, 2023 (Dkt. No. 19.), and the Court entered an Order discharging the January 3rd show-cause order. (Dkt. No. 20.)

## IV. APPLICABLE LAW

The Federal Rules of Civil Procedure establish a two-step procedure for obtaining a default judgment. FED. R. CIV. P. 55. In the first step, the Clerk of the court enters default when the defendant has failed to plead, respond, or otherwise defend against the plaintiff's complaint. FED. R. CIV. P. 55(a). Once that default has been entered, the plaintiff initiates the second step by seeking entry of a default judgment. FED. R. CIV. P. 55(b). The judgment sought must not differ in kind or amount from what is sought in the pleadings. FED. R. CIV. P. 54(c).

Further, the Central District of California Local Rule 55-1 requires a declaration identifying: (1) when the default was entered and against what party; (2) the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice—if required by FED. R. CIV. P. 55(b)(2)—has been provided. *United States v. $1,707,197.13 from Fid. Inv. Bank Funds Acct.*, Case No. 8:21-cv-01310-JVS-ADS, 2021 WL 5760428, at *2 (C.D. Cal. Dec. 2, 2021) (citing L.R. 55-1).

When a default has been entered, the factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). Granting default judgment is within the trial court's discretion, and the Ninth Circuit has directed trial courts to consider seven factors in deciding whether to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the complaint's sufficiency; (4) the amount of money at stake in the action; (5) the possibility of dispute concerning the material facts; (6) whether the defendant's default was a result of excusable neglect; and (7) public policy favoring decisions

on the merits. *Id.* at 919 (citing *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## V. ARGUMENT

### A. FirstFunding has met all the procedural requirements for the entry of default judgment.

The Clerk of the Court entered default against Sprout, as required by Fed. R. Civ. P. 55(a). (Dkt. No. 19.) As required by L.R. 55-1, FirstFunding's Motion for Entry of Default Judgment includes a declaration that: (1) default was entered against Sprout on February 1, 2023; (2) the default was entered as to FirstFunding's Complaint for Breach of Contract and Injunction (Dkt. No. 1); (3) Sprout, as a business entity, is not an infant or incompetent person; (4) the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply as Sprout is a business entity; and (5) notice to the defaulting is not required by Fed. R. Civ. P. 55(b)(2). (*See supra* Declaration of Benjamin A. West ("West Declaration"), ¶¶ 8-11.) Finally, FirstFunding's Motion complies with Fed. R. Civ. P. 54(c) as it requests a remedy that is not different in kind or amount from the remedies sought in the Complaint.

### B. The *Eitel* factors weigh in FirstFunding's favor.

As noted by the Ninth Circuit in *Eitel*, the trial court should consider seven factors when deciding whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the complaint's sufficiency; (4) the amount of money at stake in the action; (5) the possibility of dispute concerning the material facts; (6) whether the defendant's default was a result of excusable neglect; and (7) public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. Here, each of those factors favors FirstFunding.

*First*, FirstFunding will be prejudiced if it cannot obtain a default judgment against Sprout. Absent this judgment, FirstFunding will be left without recourse. As

- 6 -
Memorandum of Points and Authorities

Sprout has breached the Funding Agreement and has not transferred the payments for the Pledged Mortgage Loans back to FirstFunding, the only means by which FirstFunding can recover the monies it is rightfully owed is through the collection processes allowed following a judgment. Further, denial is unwarranted because Sprout was served with the Summons and Complaint in October of last year and with two non-party discovery subpoenas in December of last year, yet has failed to answer or otherwise properly defend or appear before the Court. Sprout is the only defendant in this matter, and denial of default judgment would render this matter unresolvable. This factor weighs in FirstFunding's favor.

***Second***, FirstFunding's claims are meritorious. When determining liability for a default judgment, the factual allegations in the plaintiff's complaint are taken as true, as the defendant's default serves as an admission of all well-pleaded allegations of fact. *Metro Paws, LLC v. MetroPAWS KC*, Case No. CV 15-01297 AB (PJWx), 2015 WL 13917974, at *1 (C.D. Cal. June 3, 2015) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). FirstFunding's breach of contract claim—when taking the facts of the Complaint as true, as the trial court must—plainly identify Sprout's liability. The Funding Agreement, executed by both parties, creates a valid, binding, and enforceable contract between them—which Sprout has admitted in writing. (Complaint Ex. C ¶ 19.) Sprout has expressly admitted that FirstFunding performed under that contract and that, by failing to remit payments made on the Pledged Mortgage Loans, Sprout has breached that contract. (Complaint ¶¶ 33-36 & Complaint Ex. C ¶¶ 14-17.) Because of this breach, FirstFunding has suffered damages in the amount of $262,500. (Complaint ¶¶ 35-36.) FirstFunding's claim for breach of contract—on the face of the pleading and by Sprout's written admission—has merit.

Additionally, FirstFunding's claim for injunctive relief has merit. Again, on the face of the pleading, FirstFunding will suffer irreparable harm if Sprout is not

enjoined from misappropriating or converting the funds held in Banc of California that Sprout owes to FirstFunding. (Complaint ¶¶ 38-41.) Should Sprout misappropriate or transfer those funds to some other financial institution, FirstFunding will have no remedy at law for that harm. (Complaint ¶¶ 39-40.) Only an order from the Court enjoining Sprout from transferring, moving, misappropriating, or otherwise converting the funds in question will remedy the harm. (Complaint ¶ 40.) For these reasons, FirstFunding's claim for injunctive relief has merit, and this factor weighs in FirstFunding's favor.

*Third*, the Complaint sufficiently establishes these claims. As noted, the well-pleaded factual allegations in a plaintiff's complaint (other than those for damages) must be treated as true. *Geddes*, 559 F.2d at 560. FirstFunding's Complaint provides more than four pages of factual allegations, describing in detail Sprout's business model and activities, the execution and function of the Funding Agreement between the parties, how Sprout defaulted and breached the Funding Agreement, and how Sprout agreed to—and then reneged—on its agreements with FirstFunding. (Complaint at ¶¶ 7-30.) Many, if not all, of these assertions are admitted by Sprout in the executed Cooperation Agreement, which is attached to and incorporated with the Complaint. (Complaint Ex. C.) These well-pleaded factual allegations—taken as true—are sufficient to establish Sprout's liability. Thus, this factor weighs in FirstFunding's favor.

*Fourth*, the amount of money at stake is substantial. Sprout has—in direct violation of the Funding Agreement—withheld $262,500 from FirstFunding. (Complaint ¶¶ 35-36.) When the amount sought is proportionate to the harm caused by the defendant's conduct, default judgment is warranted. *Landstar*, 725 F. Supp. 2d at 921 (holding that unpaid amounts totaling $243,817.34 are "consistent with the terms of the contracts" and are appropriate for default judgment, as defendant had failed to answer). The Funding Agreement and Cooperation Agreement, as pleaded

- 8 -
Memorandum of Points and Authorities

in the Complaint, establishes Sprout's liability, and the procedural history in this matter establishes that Sprout has failed to answer or otherwise appear or respond. (Complaint ¶¶ 7-30 and Exs. A & C.) Since the amounts pleaded by FirstFunding are consistent with the terms of the Funding Agreement and Cooperation Agreement, the sum at stake is substantial and justified; this factor also weighs in FirstFunding's favor.

*Fifth*, there is no possibility of dispute over the material facts. All well-pleaded factual allegations, other than damages, are deemed admitted by the non-answering defendant when considering a default judgment. *Geddes*, 559 F.2d at 560. When a defendant makes "no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment." *Landstar*, 725 F. Supp. 2d at 922.

But this case goes even further—in the Cooperation Agreement, Sprout acknowledges *and admits* many, if not all, of the allegations raised in FirstFunding's Complaint. (Complaint Ex. C.) And even without those admissions, FirstFunding's Complaint lays out its factual allegations clearly and precisely: there was a valid contract between the parties, Sprout breached it, and FirstFunding was damaged. (Complaint ¶¶ 7-36.) Further, absent injunctive relief, FirstFunding will suffer irreparable harm. (Complaint ¶¶ 7-30, 38-41.) Sprout has not appeared to dispute these factual allegations—and indeed, has admitted many of them in writing—so this factor weighs in FirstFunding's favor.

*Sixth*, there is no evidence here that Sprout's refusal to answer arises from excusable neglect. When a defendant has received actual notice of the filing of an action and the defendant refuses to answer, the "defendant's conduct is culpable." *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). Sprout was served with the Summons and Complaint, and was twice served with copies of non-party discovery subpoenas. Despite repeatedly placing Sprout on notice of this on-

going litigation and FirstFunding's diligent pursuit of it, Sprout has refused to answer or otherwise respond. This factor weighs in FirstFunding's favor.

*Seventh*, while "[c]ases should be decided upon their merits whenever reasonably possible . . . the mere existence of Fed. R. Civ. P. 55(b) indicates that this preference, standing along, is not dispositive." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (cleaned up). And further, a defendant's failure to answer "makes a decision on the merits impractical, if not impossible." *Id.* As Sprout—the lone defendant—has refused to answer, denial of default judgment would send this case into limbo with no possibility for resolution, on the merits or otherwise. And even though Sprout has refused to answer, by its own admission in the Cooperation Agreement, it is in default. (Complaint Ex. C.) A decision on the merits is clear; Sprout is liable to FirstFunding, and damages should be awarded. This factor, like the others, weighs in FirstFunding's favor.

### C. FirstFunding seeks specific relief.

As is required by FED. R. CIV. P. 8(a)(3), a plaintiff's demand for relief must be specific. *PepsiCo*, 238 F. Supp. 2d at 1177. In its Complaint, FirstFunding seeks specific monetary damages and injunctive relief. (Complaint at ¶¶ 35-36, 41.) FirstFunding seeks $262,500 as monetary damages for Sprout's breach of contract. (Complaint at ¶¶ 35-36; Dunkerley Decl. ¶ 12.)

Further, FirstFunding asks that "Sprout be restrained and enjoined from transferring, withdrawing, using, disposing of or misappropriating any Monies Due" (Complaint at 9.) The Complaint further specifies that FirstFunding seeks "permanent injunctive relief enjoining Sprout, and its agents, employees, and all persons acting in concert with Sprout from transferring withdrawing, using, disposing of, or misappropriating the Monies Due it is holding, either directly or in accounts controlled by it." (Complaint at ¶ 41.) Because Sprout has failed to answer

or in any way oppose FirstFunding's well-pleaded allegations that it will be harmed absent injunctive relief, FirstFunding's request for relief is sufficiently specific.

FirstFunding also seeks pre-judgment and post-judgment interest. FirstFunding is entitled to pre-judgment interest from the date of Sprout's breach, July 6, 2022, to the date of judgment, at a rate of 10 percent per annum. 28 U.S.C. § 1961(a); CAL. CIV. CODE § 3287, 3289(b). FirstFunding is also entitled to post-judgment interest, as this is mandatory on a district court's judgment, at a rate "equal to the weekly average 1-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

FirstFunding also seeks to be awarded its costs of court and expenses, including reasonable attorneys' fees. Local Rule 55-3 establishes a fee schedule for default judgment on breach-of-contract claims. For judgments exceeding $100,000, the award of attorneys' fees will be for "$5600 plus 2% of the amount over $100,000," exclusive of costs. L.R. 55-3. Here, the judgment sought is for $262,500. Thus, the attorneys' fees award required under the local rule would total $8,850 ($5,600 + (2% of $162,500)). (West Declaration ¶ 12.)

Thus, FirstFunding seeks the following specific relief: judgment in the amount of $262,500 plus pre- and post-judgment interest, FirstFunding's costs, FirstFunding attorneys' fees in the amount of $8,850 (as defined by L.R. 55-3), and that Sprout be restrained and enjoined from transferring, withdrawing, using, disposing of or misappropriating any monies related to the Pledged Mortgage Loans that are due and owing to FirstFunding, as identified in full in the Complaint.

## VI. CONCLUSION

Based on the foregoing reasons, Plaintiff SUSA Financial, Inc. dba FirstFunding, Inc. asks that the Court grant its motion for entry of default judgment

against Defendant Sprout Mortgage, LLC, along with any further relief to which Plaintiff may be entitled.

DATED: February 22, 2023                    FROST BROWN TODD, LLP

By: */s/ Benjamin A. West*
Benjamin A. West
*Attorneys for Plaintiff*
*SUSA Financial, Inc. dba*
*FirstFunding, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2023, I electronically filed the foregoing NOTICE OF PLAINTIFF SUSA FINANCIAL, INC. DBA FIRST FUNDING, INC.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SPROUT MORTGAGE, LLC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT with the Clerk of the U.S. District Court for the Central District of California, using the CM/ECF system.

*/s/ Benjamin A. West*
Benjamin A. West

0149150.0753387  4882-4684-9103v5