Michael G. Freedman (State Bar No. 281279)
THE FREEDMAN FIRM PC
10100 Santa Monica Blvd., Suite 300
Los Angeles, California 90067
Telephone: (310) 285-2210
Facsimile: (310) 425-8845
Email: Michael@thefreedmanfirm.com

Attorney for Defendant
SPROUT MORTGAGE, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| SUSA FINANCIAL, INC. dba FIRSTFUNDING, INC., | Case No.: 8:22-cv-01864-JVS-DFM |
|---|---|
| Plaintiff, | **NOTICE OF MOTION AND MOTION BY DEFENDANT SPROUT MORTGAGE, LLC TO SET ASIDE ENTRY OF DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| vs. | |
| SPROUT MORTGAGE, LLC, | |
| Defendant. | **Concurrently filed herewith:**<br>(1) Declaration of Michael G. Freedman<br>(2) [Proposed] Order |
| | Judge:     Hon. James V. Selna<br>Courtroom: 10C<br>Hearing:    April 17, 2023<br>Time:       1:30 p.m. |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on April 17, 2023 at 1:30 p.m. in Courtroom 10C of the Ronald Reagan Federal Building and U.S. Courthouse, 411 West 4th Street, Santa Ana, California 92701, Defendant Sprout Mortgage LLC ("Sprout")

SPROUT MORTGAGE LLC'S MOTION TO SET ASIDE DEFAULT

will move the Court for an Order setting aside the clerk's entry of default against Sprout dated February 1, 2023 (ECF 17). This motion is brought pursuant to Federal Rule of Civil Procedure 55(c) on the grounds that good cause exists to set aside the default, including but not limited to the facts that Sprout's default was not willful and was the result of excusable neglect; setting aside the default will not prejudice Plaintiff at this early stage of the case; Sprout has meritorious defenses to the suit; and Plaintiff is at fault for delaying this motion by telling Sprout that it needed time to consider a stipulation to set aside the default, while secretly preparing and filing a preemptive Motion for Entry of Default Judgment (ECF 21).

      This Motion will be based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Michael G. Freedman and exhibits thereto, the records and pleadings on file, and any further argument or evidence presented at the hearing on this matter.

DATED: March 20, 2023          THE FREEDMAN FIRM PC

By: _____
Michael G. Freedman
Attorney for Defendant
SPROUT MORTGAGE, LLC

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................... 6

II. FACTUAL AND PROCEDURAL BACKGROUND ............................. 6

III. LEGAL STANDARD ............................................................................... 8

IV. ARGUMENT ........................................................................................... 10

    A. Sprout's Default Did Not Result From Culpable Conduct. .............. 10

    B. Sprout Has Meritorious Defenses To The Litigation ........................ 10

    C. Reopening The Case Would Not Prejudice Plaintiff. ........................ 11

    D. Plaintiff Did Not Pursue The Default In Good Faith. ....................... 12

    E. The Amount In Controversy Is Significant. ........................................ 13

    F. Sprout Promptly Motioned To Set Aside The Default Upon Learning That Plaintiff Would Not Stipulate To The Relief. ........... 14

V. CONCLUSION ....................................................................................... 15

| | |
|---|---|
| 1 | **TABLE OF AUTHORITIES** |

**CASES**

*American Ass'n of Naturopathic Physicians v. Hayhurst*,
  227 F.3d 1104 (9th Cir. 2000)......................................................................... 9

*Anderson v. The Hain Celestial Grp., Inc.*,
  No. SACV 13-1747-DOC ANX, 2014 WL 2967603
  (C.D. Cal. July 1, 2014) ..............................................................................14

*Aristocrat Techs., Inc. v. High Impact Design & Ent.*,
  642 F. Supp. 2d 1228 (D. Nev. 2009)..........................................................14

*Bateman v. United States Postal Service*,
  231 F.3d 1220 (9th Cir. 2000).....................................................................11

*Devore v. Dominguez*,
  No. CV 15-06291-JAK (DFM) 2018 WL 10705485
  (C.D. Cal. May 2, 2018).............................................................................. 8

*Falk v. Allen*,
  739 F.2d 461 (9th Cir. 1984)....................................................................9, 11

*Fasuyi v. Permatex, Inc.*,
  167 Cal.App.4th 681 (2008).........................................................................13

*Hayek v. Big Brothers/Big Sisters of America*,
  198 F.R.D. 518 (N.D. Iowa 2001)................................................................13

*Lasalle v. Vogel*,
  36 Cal.App.5th 127 (2019)...........................................................................13

*Lindora Inc. v. Riowell, LLC*,
  No. SACV 10-700 JVS (ANx), 2010 WL 11558109
  (C.D. Cal. Dec. 21, 2010) ...........................................................................11

*Mendoza v. Wight Vineyard Mgmt.*,
  783 F.2d 941 (9th Cir. 1986)......................................................................6, 9

*North Central Illinois Laborers' Dist. Council v. S.J. Groves & Sons Co., Inc.*,

4
SPROUT MORTGAGE LLC'S MOTION TO SET ASIDE DEFAULT

842 F.2d 164 (7th Cir. 1988)..................................................................................13

*Schwab v. Bullock's Inc.*,

    508 F.2d 353 (9th Cir. 1974)............................................................................... 9

*TCI Grp. Life Ins. Plan v. Knoebber*,

    244 F.3d 691 (9th Cir. 2001)............................................................9, 10, 11, 12

*United States v. Signed Personal Check No. 730 of Yubran S. Mesle*,

    615 F.3d 1085 (9th Cir. 2010)..........................................................................9, 10

*Vann v. Aurora Loan Servs., L.L.C.*,

    No. 10–CV–04736, 2011 WL 1002093 (N.D. Cal. March 21, 2011) ...............14

**RULES**

Fed. R. Civ. P. 55............................................................................................................. 8

**TREATISES**

Hon. Virginia A. Phillips et al., FEDERAL CIVIL PROCEDURE BEFORE TRIAL

    (The Rutter Group 2021)...................................................................8, 9, 12, 13

Weil & Brown, CAL. PRACTICE GUIDE: CIVIL PROCEDURE BEFORE TRIAL

    (The Rutter Group 2020)..................................................................................13

SPROUT MORTGAGE LLC'S MOTION TO SET ASIDE DEFAULT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Sprout Mortgage, LLC ("Sprout") respectfully requests a ruling, pursuant to Fed. R. Civ. P. 55(c), setting aside the clerk's default entered on February 1, 2023. Good cause exists to set aside the default. Sprout's failure to timely respond to the complaint was inadvertent and not culpable; Sprout has meritorious defenses to this breach of contract lawsuit; and reopening the case at this early stage would not substantially prejudice Plaintiff. "Where timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-946 (9th Cir. 1986). Upon learning that default had been entered, Sprout promptly notified Plaintiff on February 6, 2023 that Sprout was prepared to move to set aside the default and inquired whether Plaintiff would stipulate to the motion. Plaintiff told Sprout that it would consider the requested stipulation. Plaintiff then, without further notice or communication, filed a motion to enter default judgment against Sprout on February 22, 2023. ECF 21. Accordingly, any delay in bringing this motion is squarely attributable to Plaintiff. Plaintiff has since agreed to continue the hearing on its motion to allow Sprout to file this motion and have it heard first. As set forth below, all of the relevant factors and equities favor setting aside the default and allowing Sprout to defend this litigation on the merits.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff SUSA Financial Inc., dba FirstFunding, Inc. ("SUSA") filed this action on October 12, 2022. ECF 1. Plaintiff asserts two causes of action against Sprout for Breach of Contract and Injunctive Relief. In short, Plaintiff alleges that Sprout breached its repayment obligations under a Warehouse Funding Agreement and that Sprout should therefore be ordered to transfer to Plaintiff all money and loans that allegedly collateralized the loan. *See* ECF 1 at ¶¶17-24, 34-36. Sprout

disputes these allegations and is prepared to promptly file an answer with affirmative defenses within one week. Declaration of Michael G. Freedman ("Freedman Decl."), ¶4.

Plaintiff served Sprout's registered agent with the summons and complaint on or around October 27, 2022. ECF 11. Sprout was facing numerous lawsuits in California at this time and did not have California litigation counsel for any of them until the end of December 2022. Freedman Decl., ¶3. Once it retained California counsel for a different case, in which Plaintiff agreed to stipulate to set aside default, Sprout and its newly engaged California counsel promptly attempted to determine all the California litigation it needed to respond to. *Id.* Undersigned counsel first learned of the default that had been entered in this action on February 6, 2023 and promptly reached out to plaintiff's counsel as described in more detail below to inform him that Sprout had retained counsel to represent it in this lawsuit and was seeking to set aside the default. *Id.*

Plaintiff motioned the clerk to enter default on January 30, 2023. ECF 17. The clerk entered default on February 1, 2023. ECF 19.

Sprout's undersigned counsel promptly contacted Plaintiff's counsel, Benjamin A. West, on February 6, 2023, with the following e-mail:

> I've been retained to represent Sprout Mortgage and I see that the default was recently entered. I'm hoping to get that set aside so that I can file an answer, which I should be able to file fairly quickly (within a week or two). Would consider agreeing to stipulate to set the default aside so that I may answer? I would appreciate it if you would and am happy to discuss at your convenience.

Freedman Decl., ¶5, Ex. A. Hearing no response, Sprout's counsel called Mr. West the next day, February 7, to follow up. Mr. West accepted the call, confirmed that he had received the February 6 e-mail, and stated that he was in the process of determining his client's position on the requested stipulation. *Id.*, ¶6. Sprout's counsel asked Mr. West to promptly notify him as soon as Plaintiff had reached a

decision on the stipulation so that he could prepare the stipulation or a motion to set aside default. *Id*.

In reliance upon Mr. West's statement that Plaintiff was considering a stipulation to set aside the default, Sprout delayed filing this motion until it received word on whether the motion would be opposed. Freedman Decl., ¶7.

Hearing no response, on February 14, 2023, Sprout's counsel sent another e-mail to Mr. West, stating: "I'm following up to see if you've been able to get your client's position as to whether they'll agree to a stipulation or whether we should file a motion. Please let me know." Freedman Decl., Ex. A. Mr. West never responded. *Id*., ¶9.

Eight days later, without any notice to Sprout, Plaintiff filed a motion to enter default judgment on February 22, 2023. ECF 21; Freedman Decl., ¶9. After filing its motion to enter default judgment, however, Plaintiff did agree to stipulate to continue the hearing on its motion to allow for Sprout to file the instant motion to set aside default and have it heard first on a mutually agreeable schedule. *Id*., ¶ 10.

### III.   LEGAL STANDARD

When a civil defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise," the court must enter that party's default. Fed. R. Civ. P. 55(a). Entry of default cuts off the defendant's right to appear in the action and the clerk may no longer accept a responsive pleading. *Devore v. Dominguez*, No. CV 15-06291-JAK (DFM) 2018 WL 10705485, at *1 (C.D. Cal. May 2, 2018). The defendant's only options are to (i) file a motion to set aside the default under Fed. R. Civ. P. 55(c), or (ii) seek a stipulation from plaintiff's counsel to set it aside. Hon. Virginia A. Phillips et al., FEDERAL CIVIL PROCEDURE BEFORE TRIAL (The Rutter Group 2021) at ¶6:43, p. 6-10.

A defendant who moves to set aside default must show good cause. *See* Fed. R. Civ. P. 55(c). To determine whether "good cause" exists under Rule 55(c), a court must consider three factors: (1) whether the party seeking to set aside the

default engaged in culpable conduct that led to the default; (2) whether it has a meritorious defense; and (3) whether reopening the default judgment would prejudice the opposing party. *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). Other factors may also be relevant, including: (4) the nature of defendant's explanation of the default, (5) the good faith of the parties, (6) the amount of money involved, and (7) the promptness of defendant's motion to set aside the entry of default. Phillips et al., *supra*, at ¶6:141.1, p. 6-41.

When evaluating these factors, "the overriding judicial goal [is] deciding cases correctly, on the basis of their legal and factual merits," and motions for relief for default should be decided with this goal in mind. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001) (overruled on other grounds as recognized by *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606 (9th Cir. 2016)). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Determinations of whether a default should be set aside "are solicitous towards movants," and "a case should, whenever possible, be decided on the merits." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010). "Where timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974).

"As a practical matter … courts have broader discretion and greater procedural flexibility in evaluating relief from entry of default alone (e.g., a lesser quantum of proof may suffice)." Phillips et al., *supra*, at ¶6:143, p. 6-42; *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986) ("The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment.").

## IV. ARGUMENT

All of the relevant factors support a finding that good cause exists to set aside the default entered against Sprout on February 1, 2023.

### A. Sprout's Default Did Not Result From Culpable Conduct.

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Signed Personal Check No. 730*, 615 F.3d at 1092 (emphasis in original). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not 'intentional.'" *TCI Group*, 244 F.3d at 697. A defendant's conduct should only be deemed culpable when "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.

Here, Sprout's failure to timely file a responsive pleading was not due to any intentional misconduct or improper motives. Sprout was facing numerous lawsuits in California, where it had not previously had litigation counsel until the end of December 2022. *See* Freedman Decl., ¶3. Sprout first retained counsel for another case in which default had already been entered, in which Plaintiff later agreed to stipulate to set it aside, but it took another month for Sprout and its newly retained counsel to identify the other lawsuits it needed to respond to. *Id.* Accordingly, Sprout respectfully contends that its failure to file a timely responsive pleading was the result of excusable neglect, and not culpable conduct.

### B. Sprout Has Meritorious Defenses To The Litigation.

A party seeking to set aside the entry of default must allege sufficient facts that, if true, would constitute a defense. *Signed Personal Check No. 730*, 615 F.3d at 1094. This burden is "not extraordinarily heavy." *TCI Group*, 244 F.3d at 700. The party seeking relief from default must "allege sufficient facts that, if true, would constitute a defense." *Signed Personal Check No. 730*, 615 F.3d at 1094.

Here, Sprout vigorously contests that it is liable for breach of contract and also plans to assert a number of affirmative defenses to relief. Specifically, Sprout will argue that it did not breach the Funding Agreement alleged in the Complaint. *See* Freedman Decl., ¶4. Sprout will also assert affirmative defenses to liability, including failure of conditions precedent, breach of contract by Plaintiff, mistake, frustration of essential purpose, and novation. *See id*.

If at least one of these asserted defenses has merit, the Court should find that this factor is satisfied. *See Lindora Inc. v. Riowell, LLC*, No. SACV 10-700 JVS (ANx), 2010 WL 11558109, at *5 (C.D. Cal. Dec. 21, 2010) ("The Court need not address the other asserted defenses at this time because [defendant's] assertion of one is sufficient under *TCI Group Life Ins. Plan*.").

### C. Reopening The Case Would Not Prejudice Plaintiff.

Whether a party will be prejudiced depends on whether its ability to pursue its claims will be hindered. *Falk*, 739 F.2d at 463. A delay is prejudicial where it results in "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *TCI Group Life Ins. Plan*, 244 F.3d at 701. Wasted effort to secure entry of default judgment is not a valid form of prejudice: "[t]he fact that [Plaintiff] chose to oppose vacating the default and was unsuccessful in doing so cannot establish prejudice." *Id*. Similarly, the fact that an opposing party might be denied a quick victory also is not sufficient to deny relief from default. *Bateman v. United States Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000).

Here, there are no reasons to believe that Plaintiff will suffer prejudice if Sprout is allowed to appear and contest this action on the merits. The case was recently filed on October 12, 2022, and the alleged contract was breached in or around July 2022. (*See* ECF 1 (Complaint) at ¶17.) As a result, there is minimal risk that memories will fade or evidence will be lost as a result of the brief delay caused by the entry of default. No trial date has been set and Plaintiff will therefore have

ample time to take the discovery it needs. There are no other parties to this litigation and therefore no risk that Plaintiff will need to duplicate any discovery or other litigation procedures. And as explained more fully below, any wasted expenditures associated with Plaintiff's decision to request default judgment are entirely the fault of Plaintiff.

### D. Plaintiff Did Not Pursue The Default In Good Faith.

Plaintiff's unprofessional conduct in attempting to secure a "secret default" should also mitigate in favor of setting aside the default here. *See* Phillips et al., *supra*, at ¶6:141.1, p. 6-41 (courts consider the parties' good faith when evaluating whether to set aside a default); *see also TCI Group*, 244 F.3d at 697 (courts weigh "a bevy of equitable considerations" in determining whether to set aside default).

As set forth above, Sprout's undersigned counsel promptly contacted Plaintiff's counsel after learning that default had been entered in this case. Rather than rush to the courthouse to file an opposed motion to set aside the default, Sprout requested a stipulation that would save time for the parties and for the Court. Plaintiff induced Sprout to delay the motion, by telling Sprout that it would consider the stipulation. Sprout detrimentally relied on Plaintiff's statements and waited to hear about the stipulation before filing this motion. But Plaintiff exploited Sprout's good faith by secretly preparing a motion to enter default judgment and by filing the motion before ever responding to Sprout. *See* Freedman Decl., ¶¶5-9, Ex. A. After filing its motion to enter default judgment, however, Plaintiff did agree to stipulate to continue the hearing on its motion to allow for Sprout to file the instant motion to set aside default and have it heard first on a mutually agreeable schedule. *Id.*, ¶ 10.

"'Excusable neglect' is often found where counsel reasonably believed no default would be taken, either because of a potential stipulation with plaintiff's counsel or local custom preventing 'secret' defaults without courtesy notice." Phillips et al., *supra*, at ¶6:176, p. 6-54; *see North Central Illinois Laborers' Dist.*

*Council v. S.J. Groves & Sons Co., Inc.*, 842 F.2d 164, 169, fn. 10 (7th Cir. 1988) (finding excusable neglect and noting court "do[es] not condone [the] decision not to extend [defendant's counsel] the professional courtesy of notifying him of the default hearing"); *Hayek v. Big Brothers/Big Sisters of America*, 198 F.R.D. 518, 523 (N.D. Iowa 2001) (seeking default after granting extension of time to plead "smacks of an attempt to 'blindside' the defendant).

Indeed, attorneys practicing in California have an *ethical obligation* to warn opposing counsel prior to taking an adversary's default. *Lasalle v. Vogel*, 36 Cal.App.5th 127, 135 (2019); *see Fasuyi v. Permatex, Inc.*, 167 Cal.App.4th 681, 702, fn.10 (2008) (quoting section 15 of the California Attorney Guidelines of Civility and Professionalism (effective July 20, 2007)); Weil & Brown, CAL. PRACTICE GUIDE: CIVIL PROCEDURE BEFORE TRIAL (The Rutter Group 2020), at ¶¶5:68-5:70, pp. 5-18 - 5-20 ("In the absence of a prior warning of default, courts are inclined to grant [state law] motions to set aside defaults. … If you're representing plaintiff, and have had *any* contact with a lawyer representing defendant, don't even *attempt* to get a default entered without first giving such lawyer *written* notice of your intent to request entry of default, and a *reasonable time* within which defendant's pleading must be filed to prevent your doing so.") (emphasis in original).

### E.     The Amount In Controversy Is Significant.

The amount in controversy is not insignificant. Plaintiff seeks judgment in the amount of $262,500, plus pre- and post-judgment interest, costs, attorneys' fees in the amount of $8,850, and injunctive relief. *See* ECF 21 at 11:18-23 (request for relief in motion to enter default judgment). Courts may consider the amount in controversy when deciding whether to set aside entry of default. Phillips et al., *supra*, at ¶6:141.1, p. 6-41. Sprout respectfully submits that the amount in controversy is significant enough to further justify setting aside the default.

**F.     Sprout Promptly Motioned To Set Aside The Default Upon Learning That Plaintiff Would Not Stipulate To The Relief.**

Courts have recognized that defendants who promptly move for relief from default generally are not attempting to thwart the plaintiff's litigation effort and therefore should receive more lenient treatment in motions to set aside a default. *See, e.g., Anderson v. The Hain Celestial Grp., Inc.*, No. SACV 13-1747-DOC ANX, 2014 WL 2967603, at *4 (C.D. Cal. July 1, 2014) (noting that defendant "promptly made an effort to set aside entry of default once he recognized his scheduling error" and finding his conduct not culpable); *Vann v. Aurora Loan Servs., L.L.C.*, No. 10–CV–04736, 2011 WL 1002093, at *3 (N.D. Cal. March 21, 2011) (same); *see also Aristocrat Techs., Inc. v. High Impact Design & Ent.*, 642 F. Supp. 2d 1228, 1234 (D. Nev. 2009) (crediting defendant's promptness as indicative of a lack of bad faith).

Although this motion is being filed after default was entered on February 1, blame for the delay rests on Plaintiff. Five days after default was entered on February 2, 2023, Sprout promptly contacted Plaintiff to inquire whether Plaintiff would oppose Sprout's motion to set aside the default. Freedman Decl., Ex. B. Sprout could have immediately filed an opposed motion to set aside the default. Instead, Sprout attempted in good faith to promote efficiency by first seeking a stipulation. Plaintiff exploited Sprout's good faith by equivocating on the stipulation and then ambushing Sprout with a motion to enter default judgment. Since filing that motion, Plaintiff has nonetheless agreed to stipulate to continue the hearing on its motion to allow for Sprout's motion to set aside default to first be heard on a mutually agreeable schedule. Sprout should not be penalized for attempting to set aside the default amicably rather than rushing straight to court.

//
//
//

## V. CONCLUSION

For all of the foregoing reasons, Defendant Sprout Mortgage, LLC respectfully requests an Order, pursuant to Fed. R. Civ. P. 55(c), setting aside the default entered by the clerk of court on February 1, 2023 (ECF 19).

DATED: March 20, 2023            THE FREEDMAN FIRM PC

By: _____
Michael G. Freedman
Attorney for Defendant
SPROUT MORTGAGE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2023, I electronically filed the foregoing NOTICE OF MOTION AND MOTION BY DEFENDANT SPROUT MORTGAGE, LLC TO SET ASIDE ENTRY OF DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF MICHAEL G. FREEDMAN; AND [PROPOSED] ORDER with the clerk of the U.S. District Court for the Central District of California, using the CM/ECF System.

_____
Michael G. Freedman

SPROUT MORTGAGE LLC'S MOTION TO SET ASIDE DEFAULT