Michael G. Freedman (State Bar No. 281279)
THE FREEDMAN FIRM PC
10100 Santa Monica Blvd., Suite 300
Los Angeles, California 90067
Telephone: (310) 285-2210
Facsimile: (310) 425-8845
Email: Michael@thefreedmanfirm.com

Attorney for Defendant
SPROUT MORTGAGE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SUSA FINANCIAL, INC. dba FIRSTFUNDING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SPROUT MORTGAGE, LLC, <br><br> Defendant. | Case No.: 8:22-cv-01864-JVS-DFM <br><br> **REPLY MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANT SPROUT MORTGAGE, LLC TO SET ASIDE ENTRY OF DEFAULT (ECF 25)** <br><br> Judge: Hon. James V. Selna <br> Courtroom: 10C <br> Hearing: April 17, 2023 <br> Time: 1:30 p.m. |

REPLY I/S/O/ SPROUT MORTGAGE LLC'S MOT. TO SET ASIDE DEFAULT

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................3

II.  ARGUMENT........................................................................................................4

   A.  **Plaintiff Has Not Shown That Sprout Engaged In Culpable Conduct.** ..................................................................................................4

   B.  **Sprout Has Meritorious Defenses Notwithstanding Plaintiff's Irrelevant Evidentiary Arguments.** ..........................................................5

   C.  **Plaintiff Has Not Articulated Any Concrete Prejudice That It Will Suffer If Sprout Is Allowed To Respond To The Complaint.** ...............7

   D.  **Plaintiff Has Failed To Justify Its Decision To Induce Sprout To Delay The Motion To Set Aside Entry Of Default.** .................................8

   E.  **The Court Should Not Award Fees And Costs To Plaintiff Because Plaintiff's Unjustified Conduct Necessitated This Motion.** ....................9

III. CONCLUSION .................................................................................................10

# REPLY MEMORANDUM

## I. INTRODUCTION

Plaintiff FirstFunding, Inc. fails to raise any meritorious argument to justify denial of an order setting aside the entry of default against Defendant Sprout Mortgage LLC. <u>First</u>, Plaintiff fails to cite or introduce *any* evidence showing that Sprout committed a "devious, deliberate, willful, or bad faith failure to respond" to the complaint filed in this action. Plaintiff speculates that Sprout's New York counsel must have been aware of the action after it was served. Even if true, Sprout's mere awareness of this lawsuit does not amount to the sort of culpable conduct that other courts have cited when refusing to set aside default—Sprout did not evade service, file false papers, or otherwise try to game the judicial system. Sprout was simply overwhelmed with a flurry of litigation and took prompt action to set aside the default soon after retaining California counsel and learning that default had been entered.

<u>Second</u>, Sprout is prepared to file a responsive pleading that specifically denies Sprout breached the Funding Agreement alleged in the complaint. Plaintiff's argument that Sprout's defenses are conclusively barred by a separate "Cooperation Agreement" is premature and inappropriate in the context of a motion to set aside default. Sprout need only "allege sufficient facts that, if true, would constitute a defense," and need not overcome merits arguments or evidence at this stage.

<u>Third</u>, Plaintiff has totally failed to articulate any concrete prejudice that it will suffer if the default is set aside. Plaintiff's speculation that Sprout may be exposed to other adverse judgments and become insolvent is not a form of prejudice that courts have credited as grounds to deny setting aside default. In fact, at least one court has explicitly denied Plaintiff's insolvency argument. *FOC Fin. Ltd. P'ship v. Nat'l City Com. Cap. Corp.*, 612 F. Supp. 2d 1080, 1084 (D. Ariz. 2009).

<u>Finally</u>, the Court should deny Sprout's brazen request to award its costs and fees in opposing this motion. Plaintiff could have avoided those expenses by

stipulating to set aside the default. Plaintiff could have avoided the expense of filing a request for entry of default simply by communicating with Sprout prior to filing.

## II. ARGUMENT

### A. Plaintiff Has Not Shown Sprout Engaged In Culpable Conduct.

Contrary to Plaintiff's argument, mere awareness of a pending lawsuit is insufficient to establish culpable conduct. "[C]ulpable conduct requires an action that is willful, deliberate, or in bad faith." *Lindora Inc. v. Riowell, LLC*, No. SACV 10-700 JVS (ANX, 2010 WL 11558109, at \*5 (C.D. Cal. Dec. 21, 2010). Evidence that the defendant simply "dropped the ball" or failed to act, alone, is not enough to establish a culpable failure to respond to the complaint. *Id*. Courts generally grant relief to a defaulting party who was "engaged in other, more pressing matters and simply did not act promptly when they received service." *Id.* (citing *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001) and *Falk v. Allen*, 739 F.2d 461, 464 (9th Cir. 1984)). As Sprout explained in its moving papers, Sprout's failure to timely respond to this action was the result of being inundated with a wave of lawsuits in multiple jurisdictions, and was not the result of bad faith towards Plaintiff or any attempt by Sprout to game the judicial process.

Plaintiff has not cited *any* evidence that even suggests Sprout committed a "devious, deliberate, willful, or bad faith failure to respond" to the complaint filed in this action. *TCI Group*, 244 F.3d at 698. Plaintiff merely argues that Sprout was represented by counsel when it admittedly received service of Plaintiff's complaint. *See* ECF 26 at 4:20-6:3. This does not establish culpable conduct. Sprout received service of a number of lawsuits over a short period of time during which Sprout lacked California litigation counsel to appear in this action. *See* ECF 25-1 at ¶3. Sprout did not attempt to evade service, did not file false papers or affidavits, and did not attempt to game the litigation system in any way relevant to this motion. *See, e.g., TCI Group*, 244 F.3d at 699 (citing examples of culpable conduct). This is a straightforward case where a defaulting party was overwhelmed by a wave of

4

REPLY I/S/O/ SPROUT MORTGAGE LLC'S MOT. TO SET ASIDE DEFAULT

lawsuits, neglected to respond to one, and promptly sought to set aside default soon after its newly retained California counsel learned of the default.

Plaintiff's citation to *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988) lacks merit. Unlike this case, *Direct Mail* involved a defendant served with just one lawsuit. The *Direct Mail* plaintiff produced evidence that the defendant's officer, a licensed attorney, knew about the existence of the lawsuit *one day* after the company received service of process. *Id.* at 687. Moreover, the *Direct Mail* defendant moved for relief from a *default judgment* under Rule 60(b) based on "surprise and fraud." *Id*. In this case, Sprout has motioned under Rule 55(c) to set aside an *entry of default*. The Court's discretion to set aside *entry of default* under Rule 55(c) is "especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

In sum, Sprout produced evidence that its failure to timely respond to the complaint was the result of being overwhelmed with a number of contemporaneous lawsuits and not the result of any bad faith or deliberate gamesmanship. Plaintiff has failed to cite or produce any evidence to the contrary.

**B. Sprout Has Meritorious Defenses Notwithstanding Plaintiff's Irrelevant Evidentiary Arguments.**

Next, Plaintiff argues that Sprout categorically cannot assert any meritorious defense to this lawsuit and that relief from default therefore should be denied as futile. Plaintiff cites the existence of an alleged "Cooperation Agreement" wherein Sprout purportedly agreed to waive any and all defenses to enforcement of the Funding Agreement that gives rise to Plaintiff's complaint. *See* ECF 26 at 6:18-8:14, Ex. D. Plaintiff's merits-based argument misses the mark. A party seeking to set aside a default need only "allege sufficient facts that, if true, would constitute a defense." *Signed Personal Check No. 730*, 615 F.3d at 1094; *TCI Group*, 244 F.3d at 700 (the burden is "not extraordinarily heavy"); *Lindora Inc.*, 2010 WL

11558109, at *5 (assertion of at least one defense is sufficient).

Sprout is prepared to file a responsive pleading that denies Sprout breached the Funding Agreement alleged in the Complaint. For example, Sprout will deny Plaintiff's allegation that Sprout's President and CEO made any communication to Plaintiff on July 6, 2022 constituting an event of default under the Funding Agreement. *See* ECF 1 at ¶17. Sprout will further deny that it has failed to provide to Plaintiff any document, instrument, agreement, information, or file that Plaintiff has specifically requested as a material term of the Funding Agreement. *See id*. at ¶20. Sprout will also assert affirmative defenses to enforcement of the alleged Funding Agreement, several of which are listed in Sprout's moving papers.

Plaintiff argues that even if Sprout has meritorious defenses, Sprout may not assert them because it made a series of dispositive admissions in a "Cooperation Agreement" that supposedly preclude any denials of liability in this case. ECF 26 at 7:6-8:14, Ex. D. In summary, the document known as the "Cooperation Agreement" contains recitals wherein Sprout allegedly conceded that it breached the Funding Agreement and agreed to waive all defenses to enforcement of same. *Id*. Regardless of its effect or validity, this document cannot and should not conclusively bar Sprout from responding to this lawsuit on the merits. For example, Sprout can and will contest enforcement of the Contribution Agreement by this Court on grounds that the agreement is not supported by valid consideration, and that the Agreement contains an express forum selection clause whereby it can only be enforced in Texas, among other grounds. *See* ECF 26, Ex. D, ¶29. Sprout also may challenge the authenticity of the Cooperation Agreement, whether an authorized agent of Sprout knowingly and intentionally executed the Cooperation Agreement, whether the agreement was the product of a mutual or unilateral mistake, and potentially other aspects of the Cooperation Agreement, after responding to the complaint and taking discovery in this case.

In sum, Sprout plans to deny essential factual elements of Plaintiff's breach

6

REPLY I/S/O/ SPROUT MORTGAGE LLC'S MOT. TO SET ASIDE DEFAULT

of contract action and assert affirmative defenses to the same. Plaintiff argues that Sprout signed a separate contract agreeing to waive those defenses. But this is not an appropriate procedural juncture for Plaintiff to produce evidence in support of its case. To set aside default and respond to Plaintiff's complaint on the merits, Sprout need only assert facts which, if accepted as true, could constitute a defense to liability. Sprout has cleared this low hurdle and should be allowed to respond to Plaintiff's complaint on the merits.

> **C.   Plaintiff Has Not Articulated Any Concrete Prejudice That It Will Suffer If Sprout Is Allowed To Respond To The Complaint.**

Plaintiff has not articulated any cognizable prejudice that would in fact result from setting aside the default entered in this case. Instead, Plaintiff speculates that Sprout's assets might hypothetically dissipate if judgment is not quickly entered in Plaintiff's favor. *See* ECF 26 at 9:11-10:12. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. Plaintiff has not produced *any* evidence that Sprout actually plans to transfer, conceal, or otherwise dissipate any assets that might be used to satisfy a potential judgment in this case. Plaintiff's argument—that delaying judgment will prolong the litigation and thereby give Sprout a "greater opportunity" to transfer assets—applies to literally every defendant who moves to set aside a default. Plaintiff has not shown that Sprout has taken any specific steps or made any specific plans to implement any movement or transfer of assets.

Instead of substantiating its purported concerns that Sprout will move or hide assets, Plaintiff merely argues that Sprout is defending a number of lawsuits and that other plaintiffs might extinguish Sprout's assets if Plaintiff is denied a quick default judgment. But Plaintiff cites no precedent where any court refused to set aside a default merely because the moving party happened to be defending other lawsuits. Nor has Plaintiff cited any authority for the dubious proposition that a defendant's entitlement to relief from default should turn on its financial condition.

7

REPLY I/S/O/ SPROUT MORTGAGE LLC'S MOT. TO SET ASIDE DEFAULT

At least one district court has squarely rejected Plaintiff's argument that a defendant's potential future insolvency justified denial of a motion to set aside default. *See FOC Fin. Ltd. P'ship v. Nat'l City Com. Cap. Corp.*, 612 F. Supp. 2d 1080, 1084 (D. Ariz. 2009). In fact, Plaintiff's proposed standard would set an unjust precedent where rich and powerful entities are uniformly granted a privilege against default judgment that is not afforded to financially unstable parties. A party's ability to obtain relief from default should not depend on its wealth.

Plaintiff would not suffer any cognizable prejudice if Sprout is allowed to respond to this lawsuit on the merits. "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." *TCI Group*, 244 F.3d at 701.

### D. Plaintiff Has Failed To Justify Its Decision To Induce Sprout To Delay The Motion To Set Aside Entry Of Default.

It bears mention that Plaintiff has totally failed to justify its decision to delay for two weeks and then preemptively move for default judgment while knowing that Sprout was holding this motion pending Plaintiff's decision on a stipulation. Plaintiff's counsel told Sprout on February 7 that Plaintiff would consider stipulating to set aside the default. Without any further communication, Plaintiff filed a motion to enter default judgment on February 22. Plaintiff does not dispute this course of events. Instead, Plaintiff's counsel admits that he knowingly ignored follow-up communication from Sprout's counsel on February 14 (ECF 26-2 at ¶7) and that he executed his client's decision to ambush Sprout with a preemptive motion to enter default judgment on February 22 (*id*. at ¶8) based solely upon his client's desire to punish Sprout for purportedly necessitating "the time and expense of filing suit, pursuing discovery, and obtaining a clerk's entry of default" (*id*.).

Needless to say, Sprout's mere status as the defendant in this lawsuit is not grounds for Plaintiff or its counsel to eschew professional norms—including the professional norm of giving notice to an opposing party before moving for default

REPLY I/S/O/ SPROUT MORTGAGE LLC'S MOT. TO SET ASIDE DEFAULT

judgment. *See* Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2020), at ¶¶5:68-5:70, pp. 5-18 - 5-20.

The Court should factor Plaintiff's unprofessional conduct into its consideration of whether Sprout promptly moved to set aside the default entered on January 30, 2023. If Plaintiff had simply been forthright with Sprout and denied the stipulation, Sprout would have brought this motion days or weeks earlier.

### E. The Court Should Not Award Fees And Costs To Plaintiff Because Plaintiff's Unjustified Conduct Necessitated This Motion.

Finally, the Court should deny Plaintiff's request for an award of fees and costs incurred in mounting an unnecessary opposition to this motion to set aside default. Plaintiff could and should have simply stipulated to set aside the default. It is well established that "the overriding judicial goal [is] deciding cases correctly, on the basis of their legal and factual merits." *TCI Group*, 244 F.3d at 695. "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). In light of this liberal standard, the relevant factors favor setting aside a default in this case. Sprout moved for relief less than one month after default was entered—and would have moved much sooner if Plaintiff had not induced detrimental reliance. There is no evidence that Sprout acted in bad faith or that Plaintiff will suffer an cognizable prejudice. Any costs that Plaintiff may have incurred by recklessly opposing this motion are entirely the fault of Plaintiff.

None of the cases cited by Plaintiff support an award of costs or fees. In *Chandler Ingram v. HamSquad, Inc. et al.*, No. 2:21-CV-09664-FWS-KS, 2023 WL 2558395, at *4 (C.D. Cal. Jan. 12, 2023), the court <u>denied</u> a plaintiff's request for fees incurred in opposing a motion to set aside default, and ordered the plaintiff to submit a revised application "limited to the fees incurred specifically in connection with obtaining the default against Defendants." The opinion does not award any fees at all to the plaintiff and does not set forth any applicable standard

for determining when it is appropriate to award the plaintiff fees and costs for requesting the clerk's entry of default. *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988), merely noted that a district court has discretion to impose conditions when setting aside a default—and *did not* hold that doing so is mandatory or even the standard approach.

Sprout respectfully submits that it would not be appropriate to award *any* fees or costs to Plaintiff, even the fees and costs incurred to file Plaintiff's request to enter default. Plaintiff's opposition papers are devoid of any evidence that Plaintiff ever notified or attempted to notify Sprout that Plaintiff would request entry of default in this case. *See* ECF 26-2 at ¶3-4 (Declaration of Plaintiff's counsel recounting procedural background); ECF 26 at pp. 5-7 (Plaintiff's Factual Background). If Plaintiff had simply notified Sprout before requesting entry of default, Plaintiff could have avoided the expense associated with preparing and filing the request. Plaintiff's course of conduct during these proceedings—namely, its tactical decision to pursue entry of default and default judgment without attempting to notify Sprout or engage in any substantive dialogue with Sprout's counsel—should weigh against any award of fees or costs to Plaintiff.

### III.   CONCLUSION

For all of the foregoing reasons, Defendant Sprout Mortgage, LLC respectfully requests an Order, pursuant to Fed. R. Civ. P. 55(c), setting aside the default entered by the clerk of court on February 1, 2023 (ECF 19) and denying Plaintiff's request for an award of costs and fees.

Respectfully submitted,

DATED: April 3, 2023         THE FREEDMAN FIRM PC

By: _____
Michael G. Freedman
Attorney for Defendant
SPROUT MORTGAGE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2023, I electronically filed the foregoing REPLY MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANT SPROUT MORTGAGE, LLC TO SET ASIDE ENTRY OF DEFAULT (ECF 25) with the clerk of the U.S. District Court for the Central District of California, using the CM/ECF System.

_____
Michael G. Freedman