Michael G. Freedman (State Bar No. 281279)
THE FREEDMAN FIRM PC
10100 Santa Monica Blvd., Suite 300
Los Angeles, California  90067
Telephone: (310) 285-2210
Facsimile: (310) 425-8845
Email: Michael@thefreedmanfirm.com

Attorney for Defendant
SPROUT MORTGAGE, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SUSA FINANCIAL, INC. dba FIRSTFUNDING, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>SPROUT MORTGAGE, LLC,<br><br>Defendant. | Case No.: 8:22-cv-01864-JVS-DFM<br><br>**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT SPROUT MORTGAGE, LLC** |

ANSWER TO COMPLAINT

Defendant SPROUT MORTGAGE, LLC ("Defendant") hereby answers the complaint of Plaintiff SUSA FINANCIAL, INC. dba FIRSTFUNDING, INC. ("Plaintiff") as follows:

## PARTIES

1.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and on that basis denies each and every allegation contained therein.

2.     Defendant admits that it is a Delaware limited liability company and its principal place of business was 90 Merrick Avenue, East Meadow, New York 11554.

3.     Defendant admits that neither it nor its members is a citizen of the State of California. Defendant admits that its business involved originating and selling residential mortgage loans. Defendant admits that it was licensed by the Department of Financial Protection and Innovation (CRMLA License No. 41DBO-157478).

## JURISDICTION AND VENUE

4.     The allegations contained in Paragraph 3 are conclusions of law for which no response is required. Defendant reserves all rights with respect to raising a defense based on this Court's lack of subject matter jurisdiction following further investigation and discovery.

5.     Defendant is without sufficient knowledge or information to form a belief as to whether the "property" described in Paragraph 4 of the Complaint is located within this Court's judicial district. The remaining allegations contained in Paragraph 4 of the Complaint are legal conclusions for which no response is required.

6.     Defendant does not contest, and therefore admits, that this Court has specific personal jurisdiction over Defendant for purposes of this action only. Defendant denies each and every remaining allegation contained in Paragraph 5 of the Complaint.

1

ANSWER TO COMPLAINT

7.     Defendant is without sufficient knowledge or information to form a belief as to whether the "property" described in Paragraph 6 of the Complaint is located within this Court's judicial district. The remaining allegations contained in Paragraph 6 of the Complaint are legal conclusions for which no response is required.

## FACTUAL BACKGROUND

8.     Defendant admits that it was formed on or around February 27, 2019. Defendant is without sufficient knowledge or information to form a belief as to whether it was the "one of the fastest growing non-qualified mortgage lenders in the space," and therefore denies this allegation. Defendant admits that Michael Strauss acted as Defendant's CEO. Defendant denies that it "targets underqualified borrowers who it approves for a non-QM loan." The remaining allegations in Paragraph 7 of the Complaint are legal conclusions for which no response is required.

9.     Defendant admits that part of its business involved originating residential mortgage loans by soliciting and securing borrowers and funding and closing on loans to those borrowers.

10.     Defendant is without sufficient knowledge or information to form a belief as to the identity of the specific "warehouse loans" referenced in Paragraph 9 of the Complaint. Defendant therefore denies each and every allegation contained therein.

11.     Defendant denies that it always sold the loans it originated to secondary market participants within a short period of time after origination. Defendant denies that the proceeds it received from selling originated loans were always applied to pay off warehouse advances. Defendant admits that these activities did generally occur.

ANSWER TO COMPLAINT

12.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and on that basis denies each and every allegation contained therein.

13.     The allegations contained in Paragraph 12 of the Complaint consist of descriptions of a document. To the extent any response is required, Defendant denies the allegations in Paragraph 12 and refers the Court to the document attached as Exhibit A to the Complaint.

14.     The allegations contained in Paragraph 13 of the Complaint consist of descriptions of a document. To the extent any response is required, Defendant denies the allegations in Paragraph 13 and refers the Court to the document attached as Exhibit A to the Complaint.

15.     Defendant denies that it requested seven separate modifications of a contract that it formed with Plaintiff. The remaining allegations in Paragraph 14 of the Complaint are descriptions of a document. To the extent any response is required, Defendant denies the remaining allegations contained in Paragraph 14 and refers the Court to the document attached as Exhibit B to the Complaint.

16.     Defendant admits that it has received money from Plaintiff. The remaining allegations in Paragraph 15 of the Complaint consist of legal conclusions and descriptions of a document. To the extent any response is required, Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

17.     The allegations contained in Paragraph 16 of the Complaint consist of legal conclusions and descriptions of a document. To the extent any response is required, Defendant denies the allegations contained in Paragraph 16 of the Complaint.

18.     Defendant is without sufficient knowledge or information regarding the specific communication that Straus allegedly made to Plaintiff, and Defendant therefore denies this allegation. The remaining allegations contained in Paragraph 17 of the Complaint consist of legal conclusions and descriptions of a document.

3

To the extent any response is required, Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

19.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and on that basis denies each and every allegation contained therein.

20.     The allegations contained in Paragraph 19 of the Complaint consist of legal conclusions. To the extent any response is required, Defendant denies each and every allegation therein.

21.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint. Specifically, Defendant does not know what specific documents, instruments, agreements, information, and files are being referenced by Plaintiff. On that basis, Defendant denies each and every allegation contained in Paragraph 20 of the Complaint.

22.     The allegations contained in Paragraph 21 of the Complaint consist of legal conclusions. To the extent any response is required, Defendant denies each and every allegation therein.

23.     The allegations contained in Paragraph 22 of the Complaint consist of legal conclusions. To the extent any response is required, Defendant denies each and every allegation therein.

24.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint. Specifically, Defendant does not know what specific demands are being referenced by Plaintiff. On that basis, Defendant denies each and every allegation contained in Paragraph 23 of the Complaint.

25.     The allegations contained in Paragraph 24 of the Complaint consist of legal conclusions. To the extent any response is required, Defendant denies each and every allegation therein.

4

ANSWER TO COMPLAINT

26.     The allegations contained in Paragraph 25 of the Complaint consist of descriptions of a document. To the extent any response is required, Defendant denies the allegations in Paragraph 25 and refers the Court to the document attached as Exhibit C to the Complaint.

27.     The allegations contained in Paragraph 26 of the Complaint consist of descriptions of a document. To the extent any response is required, Defendant denies the allegations in Paragraph 26 and refers the Court to the document attached as Exhibit C to the Complaint.

28.     The allegations contained in Paragraph 27 of the Complaint consist of descriptions of a document. To the extent any response is required, Defendant denies the allegations in Paragraph 27 and refers the Court to the document attached as Exhibit C to the Complaint.

29.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint. Specifically, Defendant does not know what cooperation Plaintiff is referring to. On that basis, Defendant denies each and every allegation contained in Paragraph 28 of the Complaint.

30.     The allegations contained in Paragraph 29 of the Complaint consist of legal conclusions. To the extent any response is required, Defendant denies each and every allegation therein.

31.     The allegations contained in Paragraph 30 of the Complaint consist of legal conclusions. To the extent any response is required, Defendant denies each and every allegation therein.

## **FIRST CLAIM FOR RELIEF**

### **(Breach of Contract — Damages)**

32.     With respect to Paragraph 31 of the Complaint, Defendant repeats and repleads the responses contained within Paragraphs 1 through 30 above.

ANSWER TO COMPLAINT

33.     The allegations contained in Paragraph 32 of the Complaint consist of legal conclusions. To the extent any response is required, Defendant denies each and every allegation therein.

34.     The allegations contained in Paragraph 33 of the Complaint consist of legal conclusions. To the extent any response is required, Defendant denies each and every allegation therein.

35.     Defendant denies that it has failed to wire, transfer, or otherwise deliver, pay, remit, and/or return monies that were legally due to Plaintiff. Defendant therefore denies each and every allegation contained in Paragraph 34 of the Complaint.

36.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and on that basis denies each and every allegation contained therein.

37.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and on that basis denies each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

### (Injunctive Relief)

38.     With respect to Paragraph 37 of the Complaint, Defendant repeats and repleads the responses contained within Paragraphs 1 through 36 above.

39.     Defendant denies that it has engaged in wrongful conduct or activities. The remaining allegations contained in Paragraph 38 of the Complaint consist of legal conclusions. To the extent any response is required, Defendant denies each and every allegation therein.

40.     Defendant is without sufficient information or knowledge to form a belief as to the availability of remedies to Plaintiff, and therefore denies that Plaintiff has no adequate remedy at law. The remaining allegations contained in

ANSWER TO COMPLAINT

Paragraph 39 of the Complaint consist of legal conclusions. To the extent any response is required, Defendant denies each and every allegation therein.

41.    Defendant denies that it has committed any wrongs against Plaintiff. Defendant is without sufficient information or knowledge to form a belief as to Plaintiff's risk of suffering irreparable harm, and therefore denies that Plaintiff faces any such risk. The remaining allegations contained in Paragraph 40 of the Complaint consist of legal conclusions. To the extent any response is required, Defendant denies each and every allegation therein.

42.    The allegations contained in Paragraph 41 of the Complaint consist of legal conclusions. To the extent any response is required, Defendant denies each and every allegation therein.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by reason of its complaint;

2.    That judgment be rendered in favor of Defendant and against Plaintiff, with prejudice;

3.    That Defendant be awarded its costs of suit incurred in defense of this action; and

4.    For such other relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

Defendant is informed and believes and thereby alleges that Plaintiff's complaint, and/or the individual claims for relief alleged therein, are subject to the following affirmative defenses:

## AFFIRMATIVE DEFENSE NO. 1

### (Failure of Conditions)

One or more of Defendant's alleged contractual obligations were excused because one or more conditions precedent to Defendant's performance was not met.

ANSWER TO COMPLAINT

## **AFFIRMATIVE DEFENSE NO. 2**

### **(Breach of Contract)**

Plaintiff's claim for breach of contract is barred, in whole or in part, based upon Plaintiff's material breach of the alleged agreement on which Plaintiff bases its claim for relief.

## **AFFIRMATIVE DEFENSE NO. 3**

### **(Accord and Satisfaction)**

Defendant's alleged contractual obligations were extinguished when the parties agreed to discharge Defendant's alleged obligations based on terms that differed from the original agreement.

## **AFFIRMATIVE DEFENSE NO. 4**

### **(Novation)**

Defendant's alleged contractual obligations were extinguished when the parties substituted a new and different agreement for the original.

## **AFFIRMATIVE DEFENSE NO. 5**

### **(Frustration of Essential Purpose)**

The contract alleged by Plaintiff cannot be enforced against Defendant because unforeseen events have undermined the parties' essential purpose for entering into the contract such that performance of the contract is fundamentally different from performance of the contract that was originally contemplated by the parties at the time the contract was made.

## **AFFIRMATIVE DEFENSE NO. 6**

### **(Mutual Mistake)**

The contract alleged by Plaintiff cannot be enforced on grounds of a mutual mistake of both parties regarding one or more material terms of the alleged contract.

ANSWER TO COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## AFFIRMATIVE DEFENSE NO. 7

### (Unilateral Mistake)

The contract alleged by Plaintiff cannot be enforced on grounds of a unilateral mistake of one or both parties regarding one or more material terms of the alleged contract.

## AFFIRMATIVE DEFENSE NO. 8

### (Impossibility of Performance)

The contract alleged by Plaintiff cannot be enforced on grounds that subsequent events and/or acts rendered Defendant's performance of the contract impossible.

## AFFIRMATIVE DEFENSE NO. 9

### (Failure to Mitigate)

Plaintiff's alleged damages were directly and proximately caused or exacerbated by Plaintiff's own conduct, including Plaintiff's failure to mitigate its damages.

## AFFIRMATIVE DEFENSE NO. 10

### (Independent/Superseding Cause)

One or more of Plaintiff's claims for relief are barred, in whole or in part, because the harm that Plaintiff suffered, if any, was proximately caused by one or more intervening or superseding factors, such that Defendant's alleged conduct was not a substantial factor in any of the alleged harm suffered by Plaintiff.

## AFFIRMATIVE DEFENSE NO. 11

### (Setoff)

Defendant alleges that it has suffered harm directly and proximately caused by Plaintiff's conduct, and that Defendant therefore has a right to setoff its damages against the damages, if any, awarded to Plaintiff.

ANSWER TO COMPLAINT

## AFFIRMATIVE DEFENSE NO. 12

### (Unjust Enrichment)

Based on information and belief, some or all relief sought in Plaintiff's Complaint is barred to the extent Plaintiff would be unjustly enriched.

## AFFIRMATIVE DEFENSE NO. 13

### (Capacity)

Based on information and belief, Plaintiff lacks capacity to assert one or more of the claims for relief alleged in the complaint.

## AFFIRMATIVE DEFENSE NO. 14

### (Standing)

Based on information and belief, Plaintiff lacks standing to assert one or more of the claims for relief alleged in the complaint.

## AFFIRMATIVE DEFENSE NO. 15

### (Unclean Hands)

Based on information and belief, Plaintiff's complaint and each claim for relief therein are barred, in whole or in part, by the doctrine of unclean hands.

## AFFIRMATIVE DEFENSE NO. 16

### (Estoppel)

Based on information and belief, Plaintiff is estopped from asserting one or more claims for relief alleged in the complaint.

## AFFIRMATIVE DEFENSE NO. 17

### (Waiver)

Based on information and belief, Plaintiff's complaint and each claim for relief alleged therein are barred, in whole or in part, by the doctrine of waiver.

ANSWER TO COMPLAINT

## AFFIRMATIVE DEFENSE NO. 18

### (Laches)

Plaintiff delayed an unreasonable period of time in filing its Complaint and this delay has prejudiced Defendants. Plaintiff's complaint is barred based upon the doctrine of laches.

## AFFIRMATIVE DEFENSE NO. 19

### (Statute of Limitations)

Based on information and belief, one or more of Plaintiff's claims for relief are barred by the statute of limitations.

## RESERVATION OF DEFENSES

Defendant reserves the right to raise any additional affirmative or other defenses not asserted herein as they are identified through discovery or other investigation.


DATED: April 20, 2023          THE FREEDMAN FIRM PC

                               By: _____
                                   Michael G. Freedman
                                   Attorney for Defendant
                                   SPROUT MORTGAGE, LLC

ANSWER TO COMPLAINT