UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-1864 JVS (DFMx) | Date | July 19, 2023 |
| Title | SUSA Financial, Inc. v. Sprout Mortgage, LLC | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion for Attorneys' Fees [33]**

Plaintiff, SUSA Financial, Inc. doing business as FirstFunding, Inc. ("SUSA"), moves for attorneys' fees incurred pursuing a default judgment. (Mot., Dkt. No. 33.) Defendant, Sprout Mortgage, LLC ("Sprout"), opposed. (Opp'n, Dkt. No. 34.) SUSA replied. (Reply, Dkt. No. 39.) The Court vacated the hearing and neither party filed a request for hearing. (Dkt. No. 40.)

For the following reasons, the Court **GRANTS** the motion.

## I. Background

On October 12, 2022, SUSA filed a complaint against Sprout for breach of contract and for injunctive relief. (Compl., Dkt. No. 1.) On January 3, 2023, the Court issued an order to show cause as to why the action should not be dismissed for lack of prosecution. (Dkt. No. 15.) On January 30, 2023, SUSA applied to the Clerk for entry of default against Sprout. (Dkt. No. 17.) The Clerk entered a default against Sprout pursuant to Federal Rule of Civil procedure 55(a) on February 1, 2023. (Dkt. No. 19.)

On February 22, 2023, SUSA filed a motion for default judgment. (Dkt. No. 21.) Sprout, finally having learned of the lawsuit, moved to set aside the entry of default. (Dkt. No. 25.) SUSA opposed, and requested attorneys' fees should the Court decide to grant Sprout's motion. (Dkt. No. 26.) The Court granted Sprout's motion and set aside the entry of default. (Dkt. No. 29.) Although the Court denied SUSA's request for attorneys' fees, the Court noted SUSA may move, at a later date, for attorneys' fees related to the default. (Id. at 4.) SUSA now moves for such attorneys' fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-1864 JVS (DFMx) | Date | July 19, 2023 |
| Title | SUSA Financial, Inc. v. Sprout Mortgage, LLC | | |

**II. DISCUSSION**

    *A.    Whether SUSA is entitled to attorneys' fees*

    District courts may condition the setting aside of a default on payment of attorneys' fees incurred in connection with pursuing the default judgment. Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec, 854 F.2d 1538, 1546–47 (9th Cir. 1988) ("Nilsson"). "By conditioning the setting aside of a default, any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation can be rectified. Id. at 1546. The most common prejudice includes "expense caused by the delay, the hearing on the Rule 55(c) motion, and the introduction of new issues." Id.

    SUSA undoubtedly incurred costs in pursuing the default and default judgment. While the Court previously found Sprout did not engage in culpable conduct nor was SUSA prejudiced, SUSA did incur costs. (Order, Dkt. No. 29, at 2–3.) Sprout was represented by competent counsel and was served in the case on more than one occasion. (Id.) Were it not for Sprout's failure to respond, given the several opportunities to do so, SUSA would not have been forced to respond to an order to show cause, move for entry of default, or move for default judgment. The Court finds attorneys' fees is warranted to remedy the delay and additional work caused by Sprout's initial failure to respond.

    *B.    Reasonableness of the attorneys' fees sought*

    SUSA seeks $40,652.50 in fees. (Declaration of Ben A. West ("West Decl."), Dkt. No. 33, ¶ 3.) This includes $7,747.00 related to the application for entry of default; $15,782.00 related to the motion for default judgment; $11,141.50 related to opposing the motion to set aside default; and $5,982 related to the motion for attorneys' fees. (Id.)

    Based on the Court's calculation, SUSA worked a total of 65.4 hours between all timekeepers. (See generally Mot., Ex. 1.) Based on 65.4 hours worked and a total fee of $40,652.50, SUSA charged a blended rate of approximately $621 per hour.[1] SUSA actually charged between $495 to $1,095 per hour, based on attorney experience. (Mot., Declaration of Benjamin A. West ("West Decl."), ¶¶ 5–7.) Based on the Court's

---

[1] Sprout calculated that SUSA worked 58.8 hours on the matter, which equates to a blended hourly rate of $690 per hour. (Opp'n 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 22-1864 JVS (DFMx)                                    Date  July 19, 2023

Title  SUSA Financial, Inc. v. Sprout Mortgage, LLC

knowledge of the market rates for attorneys of similar skill and experience practicing commercial and business litigation in the Los Angeles and Orange County markets, the rates charged were reasonable.  See, e.g., Takeya USA Corp. v. PowerPlay Marketing Grp., LLC, 2023 U.S. Dist. LEXIS 45329, at *30 (C.D. Cal. Mar. 16, 2023).  The rates charged appear to be well within the similar rates charged for similar firms dealing in commercial litigation.

SUSA submitted detailing billing records of the hours worked in pursuing the default and default judgment, and opposing the motion to set aside the default.  (See generally Ex. 1.)  The Court, having reviewed the billing records, finds that the hours worked were reasonable.  While, in some instances, SUSA's counsel billed for hours for receiving and reviewing correspondence, such tasks were related to the default or default judgment and were not unreasonably over billed or padded.  The Court finds no reason to reduce the hourly rate nor the hours worked by SUSA's counsel.  See, e.g., Coen Co., Inc. v. Pan Int'l, Ltd., 307 F.R.D. 498, 508 (N.D. Cal. 2015) ("Plaintiffs have requested attorneys' fees associated with applying for default and default judgment and in opposing this motion, which they allege total $69,390.50.  Having examined the Defendants' summary of hours and heard the arguments of counsel at the hearing on this motion, the Court concludes that the amount, although high, is reasonable.").  No doubt the award requested is high, but that does not necessarily make it unreasonable.

Accordingly, within thirty (30) days, Sprout shall reimburse SUSA $40,652.50 in attorneys' fees.  If Sprout fails to do so, SUSA may move to reinstate the default.[2]

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion.

---

[2] A district court has inherent authority to modify interlocutory orders prior to entry of final judgment.  Amarel v. Connell, 102 F.3d 1494, 1515 (9th Cir. 1996); City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." (italics omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 22-1864 JVS (DFMx)                                    Date   July 19, 2023

Title     SUSA Financial, Inc. v. Sprout Mortgage, LLC

**IT IS SO ORDERED.**